

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

June 12, 1947

Hon. Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Opinion No. V-252

Re: Whether land sold
to the State under
tax foreclosure un-
der Article 7328 is
subject to taxation

Dear Mr. Sheppard:

Your letter request relative to the captioned matter, reads, in part, as follows:

"Where land was sold to the State for delinquent taxes upon foreclosure of its lien for unpaid taxes and held by it for the purpose of resale under the provisions of Article 7328 R.C.S. 1925 and where such property has been continuously carried on the assessment rolls of the County in the name of the former owners, can the Tax Collector collect delinquent taxes for the period during which this property was held by the State for such purpose?

"In the event that you hold that the County cannot collect such taxes, what method should be used in removing from the rolls of the County the property so held by the State upon a public sale thereof in accordance with the provisions of the foregoing statute? Where the same situation exists with reference to cities and school districts on property held by the State for such purpose, is the City and School District authorized to collect such taxes?"

In our Opinion No. O-5668, a copy of which we are enclosing, we held that where the State became the purchaser of land at a tax sale held in accordance with the provisions of Article 7345-b, V.C.S., that "the purchase by the State vests in it a defeasible title, which title is evidenced by the sheriff's deed, and that as

holder of this title the State is the "owner" of such property for purposes of taxation", and therefore, exexempt from taxation until sold by the State.  In our Opinion No. 0-265, a copy of which is also enclosed we held that where the State became the purchaser at a tax sale held in accordance with the provisions of Article 7328, V.C.S. that "a sale (sale by State after purchase at foreclosure of tax lien) under Article 7328 will convey title free of taxes accruing since the State's purchase of the land".

Since the above mentioned opinions were written, the Supreme Court of Texas in City of Austin vs. Sheppard 190 S.W. (2d) 486 held that property purchased by the City of Austin at tax foreclosure sales, and held only for purposes of resale is "public property held for public purposes" within the Constitution exempting such property from taxation.  Art. 1165 et seq.; Art. 11, Sec. 9, Texas Constitution. We can conceive of no reason to apply a different rule to lands purchased by the State at tax foreclosure sales.  See also Childress County v. Schultz, 199 S.W. (2d) 869.

In our recent Opinion No. V-161, we held that H.B. No. 38, Fiftieth Legislature, providing for the payment of certain taxes on State owned lands to certain counties out of the General Fund of the State, is unconstitutional and void as violative of the provisions of Article III, Section 51, and Article XI, Section 9, Constitution of Texas".

Article III, Section 51, of the Constitution of Texas, provides, in part, that "The Legislature shall have no power to make any grant or authorize the making of any grant of public money to any . . . municipal or other corporations whatsoever . . .". A county is a municipal corporation.

It is, therefore, our opinion that land purchased by the State at a tax sale is exempt from taxation by the county, city, school district or other political sub-division of the State until a re-sale thereof as provided by our statutes.

You also request our opinion as to "what method should be used in removing from the rolls of the county, the property so held by the State upon a public sale thereof in accordance with the provisions of the foregoing statute". (Article 7328)

We know of no statute authorizing the removal of property from the tax rolls. In order for the tax rolls for the years the property was held by the State to disclose the facts, the tax collector should enter thereon the notation "non-taxable -- owned by State" or words of like import.

## SUMMARY

Lands purchased by the State, at tax foreclosure sales, are exempt from all taxation until resale as provided by statute. If such property is placed on the rolls during those years so held by the State, the rolls should reflect the fact that such property is exempt by reason of State ownership.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By W. V. Geppert

W. V. Geppert
Assistant

WVG/lh

APPROVED:

Price Daniel
ATTORNEY GENERAL